2007-7171, Ivey v. Department of Veterans Affairs. An appeal number 2007-3245, Colville v. Department of the Air Force. On the argument list, we'll hear argument first in appeal number 2007-1083, Cannell v. KLN Steel Products. Counsel. Afternoon, please proceed. Afternoon, may it please the court. Eric Fleissig-Green with the Department of Justice, representing amicus of the United States. The only issue which the United States comes to present argument before the court regarding is whether or not the district court's transfer order is unlawful. There is little dispute after this court's decision in Fisherman's Harvest that Section 1404 does not provide any authority to transfer a case from a district court to the Court of Federal Claims, as the Court of Federal Claims is not a district or division under that order. Could you transfer a case or a defense? Well, your honor, our view of the district court's order is that it transferred merely the affirmative defense, which provides yet another reason that the order that it issued is unlawful. But even if you were to assume that the district court transferred a claim, or even the entire case, as this court's decision in Fisherman's Harvest makes clear, Section 1404 does not afford authority to do that to the Court of Federal Claims. Likewise, under Section 1631, this court, excuse me, the district court did not lack jurisdiction over the suit in order to make such a finding, nor would the Court of Federal Claims possess jurisdiction over a suit between private parties such as this one. So even if, as you suggest, the district court had properly transferred a case or even a claim, this court would accordingly, if it reaches the issue, be required to find that transfer order is unlawful. I think the government is concerned because anything that would happen in the district court between two private parties wouldn't bind the government and non-party anyone. That's correct, Your Honor, but as we've stated in our brief, we have an interest in the proper and expeditious resolution of suits between private parties when one of those parties is a government contractor who is providing goods to the government. That's why we allowed your order. And we appreciate that, Your Honor. Anything further? No, unless there are any questions. Thank you. Nicholas. Your Honor, Philip Nicholas representing the plans below. The transfer order in this matter should be set aside with the directions to the district court to schedule the matter for a trial by jury. The transfer order was incorrectly entered for at least four reasons. First, the district court does not have authority to transfer the venue of the case to the Court of Federal Claims under 1404, change of venue provisions. Second, the district court does not have the authority to transfer the case to the Court of Federal Claims under 1631 for want of jurisdiction. Because the jurisdiction was properly before the district court and the Court of Federal Claims has no jurisdiction over the private parties to this case. Third, section four- Do we have jurisdiction? Pardon me? Do we have jurisdiction? Yes, you do, Your Honor. Your Honor, with respect, if you go to the Fisherman Harvest case, this court made clear that simply by the district court relying on the wrong statute to transfer the case does not deprive the court of jurisdiction. The rules make it clear, the statute makes it clear, Your Honor, with respect to, under Fisherman, that this court does have authority for transfer of orders. The only mechanism for the court to transfer is under 1631. 1631 for transfer of orders, this court has the authority to transfer. There is no authority under 1404, and as this court has recently concluded, you have to assume that the court relied on the correct statute when you assume your jurisdiction. So then you're telling us that we should disregard the district judge's explicit reliance on 1404 and treat the transfer of order as if it had been based on 1631. Yes, Your Honor, and with respect to the section 1498- In Fisherman's Harbor, where they did that, there was some reason for doing so. Here there's expressly an invocation of 1404 expressly disclaiming 1631. Well, there's no disclaimer of 1631 in this work below, Your Honor. What the court did do was rely on 1404. What Fisherman Harvest did is, if you recall in Fisherman Harvest, when it came to the private parties, the analysis was the same. The 1631 was relied on by the lower court in Fisherman Harvest to transfer the case with respect to the United States, which had been brought in as a third party. Sounds a lot like this case, doesn't it? It does sound a lot like this case. If in this case they didn't invoke 1631. Well, in the Fisherman Harvest case, the court did not cite 1631 with respect to the private parties. The court in that court relied entirely on 1404 to transfer the case under Fisherman to the court. This court went back and did the analysis and said, well, you can't do it under 1404 because you cannot transfer a venue from a district court to an Article I court of federal claims. So in that case, the court expresses that we're going to assume that the analysis was the judge relied on 1631 because 1404 doesn't do it. Well, if we disagree with your suggestion that we proceed just as the court did in the Fisherman's Harvest case, where does that leave us? If we really believe, if we take the district judge at the word that it's 1404, then where are we at? Well, I think at that point, we would invite you to, as the Department of Justice has indicated, to make a decision as a writ of mandamus to change. There's just no point at this stage in sending the case to a court that has jurisdiction. Do we have a jurisdiction at that point? You would if under the mandamus, but we've not done that. We'd invite the court to correct our pleadings if that's the case. Would it be the case if we declined to look to 1631 as the proper statute, would it be the case that there's absolutely no place where the 1404 transfer could then be appealed? So there would be jurisdiction nowhere. I think that's correct. We'd be sitting out in a no man's land trying to sort out how to get back to an early trial if we're entitled to. Well, in theory, a court of federal claims would then itself disclaim jurisdiction, right? I would assume that it would disclaim jurisdiction if it didn't. In a proper procedural posture, it could either come here or declining further appeal, you'd go straight back to the district court, right? I would agree with that. If the court declines jurisdiction, it sends it back. So what you're trying to encourage us to do is just skip one step in the process. I think so. And then there's the other issue with respect to the indispensable party. We believe that under the rulings of this court, under the 1498 analysis, the United States is not an indispensable party. We were concerned to find ourselves in front of the court of federal claims with the finding of the lower court that says the United States is an indispensable party, which it's not. And then to have to go through that analysis. It is important for us to have that determination corrected as part of the review of our process. As I understand it, what was purported to be transferred to the court of federal claims was a suit between two private parties to which the United States is not a party. It's not independent in this case. Isn't that correct? Yes, Your Honor. In fact, it's narrower than that. What the court sent was an affirmative defense raised by the defendants and sent simply the adjudication of that single affirmative defense to the court of federal claims, directing that the court of federal claims required that the party bring in the United States as an indispensable party and litigate that issue to return it to the court for final adjudication. How could the United States be an indispensable party in a patent infringement case unless they were a co-owner of a patent, assuming that's even possible? Your Honor, they're not an indispensable party. This court's rulings in 1498 make it very clear that 1498 is an affirmative defense to be decided in the lower court, and we have a jury trial right to the adjudication of that. Until the court and the jury determines that the United States is not an indispensable party, excuse me, they did not authorize and consent to the infringement, they cannot be an indispensable party. Do you want to stay for the rest of your rebuttal time, three minutes? Yes, Your Honor. Thank you. Mr. Bain. May it please this court, Kevin O'Hagan on behalf of the public.  Thank you, Your Honor. Let me first state that the first issue presented in this court as to whether or not the United States governs an indispensable party is now moot. In the government's amicus brief, they explicitly state that they provided authorization and consent to the government contractors in this case to infringe upon other patents, on high-tax patents. So that issue is now resolved. The government has admitted- Not so fast, not so fast. So what? Then there would be a valid defense. But anything more than that? Your Honor, that would then indicate that the case, the patent case in the Northern District, or where the court claims would then be dismissed, but for high-tech naming the United States government. That would be, I would think, the logical course of events. So the district court would enter judgment for KLA on that affirmative defense and someone would then file a motion joining or adding the government to the suit? It could. That would have to happen procedurally before it could get any further, right? Correct. My understanding of the procedure is it would be, they would name the United States government in the federal court of claims and that's where they would bring the case. Because as such, at the present time, the United States is not a party. That is correct. There's been no motion to add the government. They are not a party. That is absolutely correct. Mr. O'Hagan, why is it entirely the plaintiff's choice who he cares to sue? Maybe he could have sued the United States in the court of federal claims, but he actually chose to sue your client in the district court. Why is it entirely his choice? I believe, Your Honor, in a case like this where the federal government has expressed an amicus brief that they want to be able to buy products from the Department of Defense wherein they do not want a cloud of patent infringement on their subcontractor, it is important for the government to be a party to these cases because KLM, my client, is under a cloud now of patent infringement. When they were providing a product to the United States government with their opposition to it. What applies to the amicus brief that you cite the proof of the validity of the defense you've asserted in the district court? And if it's half as good as you say it is, you'll win. The defense will be accepted. We will have summary judgment of no infringement, and the case will be over. That's my hope. What's unsatisfactory about that? Nothing, Your Honor, except my other argument is... Then why are you trying to stay in the Court of Federal Claims instead of what you suggest is a slam-dunk win in the district court? Well, I think that the Court of Federal Claims will deal with this expeditiously and quickly, and for judicial economy's sake, we'd like to stay there and have this issue resolved. But more importantly, I question whether this court... the government's liability because no one's suing the government. You want the government to be sued, but you're not the plaintiff. He's the plaintiff. He doesn't want the government to be sued. Seems like he gets to decide. It's his lawsuit. He had two possible defendants. He chose defendant A, not defendant B. It doesn't seem like it's within your powers to say, no, he chose the wrong guy. He should have chose the U.S. government. Up to him. He can do one, he can do the other, he can do both, he can do them in this sequence or that sequence, or he could have done them simultaneously. But still it seems like under the rules of procedure, the choice is essentially his as the plaintiff in an infringement lawsuit. What authority to the contrary? I don't, Your Honor. But I also believe, as part of my brief, that this court should choose not to exercise the jurisdiction on this appeal. And the number one argument there... We have jurisdiction to exercise. Well, it's a 1404 transfer. Explicit in Judge Kendall's order on our motion for summary judgment. Explicit, 1404. She never mentioned 1631. The same was true in Fisherman's Harvest Council. I would say in this case, then, if they're going to follow 1631, that gets you into 1292 jurisdiction in this court. 1292 is such a new site. I fail to understand how it says any... Are you going into your timing argument now? I don't want to preempt you. Are you going towards the timing issue, your motion to dismiss for lack of jurisdiction due to the timing of the appeal? Yes, Your Honor. That's where I'm going. So I have trouble... I'm just jumping ahead in this. I have trouble understanding how the 1292 provision that you cite has anything at all to do with the timeliness of appellate filing. It pertains only to district court staying of litigation at the district court for 60 days and then longer if the appellate court has a rule. So I guess I just had trouble understanding why their notice of appeal was untimely, as you suggested. The argument, Your Honor, is they filed it six days too late. No, they filed it... If you look at federal rule of appellate procedure 4, it gives them time after the motion for reconsideration. Why didn't the motion for reconsideration total the time for filing an appeal like it would in any other case? Because I believe that if you look at the way the statutory scheme is devolved, rule 4 would apply if this was a 1404 transfer. In this case, where normally interlocutory transfer orders are not appealable, just not appealable, interlocutory, in this case 1292 gives you explicit authority to have jurisdiction. This court has jurisdiction under that, and that's where the 60 days come from. It doesn't buy out 60 days' timing for filing a notice of appeal. It's 60 days of stay at the district court. It says nothing at all about the timeline for filing an appeal in that provision. Why wouldn't we go with the explicit provision of 4A? You want us to go with some exception that you're writing into the statute because I fail to see how the statute contains any language at all with regard to the timing of the notice of appeal. Just point to me in the statute where that language is that you're relying on. Your Honor, we believe it's implicit in the language that you have 60 days. It's stayed in the district court. It doesn't say you have 60 days. It says the district court action shall be stayed for 60 days. That says nothing at all about the appeal. Well, Your Honor, we believe that the HITECH was on notice September 13, 2006. And then they filed a motion for reconsideration. Which was inappropriate given the 60 days because there's supposed to be no further proceedings in the district court while they have that time for appeal. And yet they filed a motion for reconsideration on this, which shouldn't have been filed under 1292. Did the district court deem their motion for reconsideration improper under 1292 or did they just deny it? No, ma'am, they didn't. They just denied it. Anything further? No, Your Honor, I have nothing further. I do not believe the court should exercise its jurisdiction on its appeal. Well, why do you say it shouldn't exercise its jurisdiction? In line with Judge Rader's earlier question, are you really saying we don't have any jurisdiction or we have it, but as a prudential matter, we should refuse to use it? I do not believe you have it, Your Honor. Thank you. Mr. Nicholas? Thank you, Your Honor. I would like to address the point just discussed with respect to the motion for reconsideration that we filed. In this instance, neither party asked to transfer the case, nor was it briefed. When we received the order denying summary judgment on the 1498 issue and directing it to go to the jury trial, at the end of the order for the first time we see the transfer order, never been briefed. We made a timely motion within 10 days to reconsider that, to give the judge the law. Excuse me. I'm with you on that. Take us back to the jurisdiction. Where do you want to be and why? Where we want to be is back with the United States District Court. The United States is an indispensable party. Well, Your Honor, the United States is not an indispensable party to this 1498. Pardon me? Do you know that? Well, we know that because you have a plethora of federal jurisdiction that says 1498 is a jurisdictional defense to be the burden of proof, which it lies with the private party. But, counsel, you just said 1498 is jurisdictional. What about Ferry, Crater, Manville? It was written by our chief here. It goes on to say that this is an affirmative defense. It actually says 1498 is to be applied. At least with respect to suits involving the United States as a complication of a defense and not a jurisdictional statute. That was Manville, written by our chief in 1990, and there's been a whole plethora of cases that say the exact opposite. Your Honor, if I said it was jurisdictional, I was mistaken. 1498 is an affirmative defense that has to be raised by a party and that it would not become jurisdictional unless it was found that the United States, in fact, provided the authorization and consent. That's the auger case that you've already decided, that there's not an indispensable party unless there was authorization and consent. Well, then why isn't your answer to Judge Rader that you're prepared to take the risk as to whether the United States owns the country in an indispensable court? Well, frankly, because we think there is no risk, Your Honor, in this case. That may be, but assuming there is a risk, it's one that you're willing to take. I think the answer to that, Your Honor, is very simple. It's a risk that somebody has to take. We want a jury to decide it. Under the Seventh Amendment, we're entitled to present to the jury that the United States— Unless you're suing the United States, then you're manifestly not entitled to a jury. Well, that's correct. Then you're restricted to a non-jury form. I'm suing a private party because during the contract negotiations, the United States Navy told our clients over and over and told the defendants that there was no authorization in the Senate, that the private parties would be responsible for the purchases. These were commercial sales. What happens if we just find we have no jurisdiction? It goes on to the Court of Federal Claims. What happens there? The only difficulty that we have, Your Honor, with respect to that is the lower-course finding of indispensable party, which it's not, as we just described. As long as we have the finding as a ball of the case that these folks are—the United States is an indispensable party, then we get into the Federal Court, or the Court of Federal Claims. We say, we're not going to bring them into this suit. We didn't name them. And the court then says, well, then we're going to dismiss it under the rules because you're not naming an indispensable party. And not only do we want the case returned, we want it clear that they're not indispensable parties. The case cannot be dismissed simply because we did not name the United States. Time has expired. Thank you, Your Honor. Thank both counsels. Thank the appeal under advisory. Thank all three counsels. Court is adjourned.